**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| Kimberly N. Sorkilmo, | ) | No. CV 02-2467-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Qwest Corporation, | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial or Remittitur of Damages (Doc. # 180). Plaintiff responded and Defendant replied. This Court held a jury trial in this matter and the jury returned a verdict in favor of Plaintiff on her claim of hostile work environment by sexual harassment as follows: $600,000 compensatory damages; $200,750 back pay damages; and $2,100,000 punitive damages. Defendant asserts a renewed motion for judgment as a matter of law and moves for a new trial.

The Court begins with Defendant's argument that the compensatory and punitive damages award must be reduced because they exceed the cap imposed by Title VII. Defendant is correct on this point and therefore the compensatory damages award will be reduced to $300,000 and the punitive damages award reduced to zero. Because punitive damages are reduced to zero, the Court need not address Defendant's argument that it did not act with the malice or reckless indifference necessary to be liable for punitive damages.

**Judgment as a Matter of Law**

Judgment as a matter of law is appropriate only when the evidence, read in the light most favorable to the non-moving party, permits only one reasonable conclusion as to the verdict. *Lawson v. Umatilla County*, 139 F.3d 690, 692 (9th Cir. 1998).  A jury verdict "must be affirmed if substantial evidence supports the verdict." *Poppell v. San Diego*, 149 F.3d 951, 962 (9th Cir. 1998). Substantial evidence is "such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Id.* (internal quotations omitted.)

Defendant claims that it is entitled to judgment as a matter of law on Plaintiff's sexual harassment for the following reasons: 1) Plaintiff was not subjected to conduct of a sexual nature; 2) the undisputed evidence shows that Avner's conduct was not unwelcome; and 3) Avner's conduct was insufficient as a matter of law to create a sexually abusive or hostile working environment.  The Court finds that there is substantial evidence in the trial record to support a finding of liability against Defendant.  Defendant spends many pages of its brief arguing why Mr. Avner's conduct could have been interpreted differently.  For example, Defendant argues that the voicemail messages left by Mr. Avner "at most, consisted of ambiguous statements made in a rambling fashion by one friend to another."  Defendant further argues that Plaintiff maintained a friendly relationship with Mr. Avner and therefore Mr. Avner's conduct was not unwelcome.

While Defendant's view of events could be construed as a possible interpretation of the evidence, the Court finds that the jury's interpretation is a reasonable one and therefore will not disturb the verdict.  The jury heard all the evidence presented and was instructed correctly on the elements of sexual harassment.  Even assuming this Court considered Defendant's view of the evidence more reasonable, it is not for the Court to "substitute our view of the evidence for that of the jury." *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004).

**Request for New Trial**

Defendant moves for a new trial pursuant to Rule 59(a), Federal Rules of Civil Procedure. In support of its motion for new trial, Defendant argues that the jury's verdict is against the clear weight of the evidence, to prevent a miscarriage of justice and because evidentiary errors substantially influenced the verdict. The Court rejects all three arguments.

Defendant argues that because this Court has the duty "to weigh the evidence as he saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in his conscientious opinion, the verdict is contrary to the clear weight of the evidence, or . . . to prevent, in the sound discretion of the trial judge, a miscarriage of justice" it must set aside the jury verdict. *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990). The Court notes the key words in the citation above of "conscientious opinion" and "discretion." The Court finds that in its conscientious opinion, the verdict is not contrary to the clear weight of the evidence nor does it find a new trial necessary to prevent a miscarriage of justice. In addition to reiterating the arguments it made regarding judgment as a matter of law, Defendant claims that it cannot be vicariously liable for Avner's conduct because Plaintiff failed to demonstrate that the employer knew or should have known of the harassment. Defendant alleges Plaintiff's memory was cloudy and challenges the credibility of the Plaintiff's witnesses on this point. The Court finds this insufficient to require a new trial.

Finally, Defendant argues that it is entitled to a new trial because it was substantially prejudiced by the exclusion of Plaintiff's workplace comments of a sexual nature. The Court sustained Plaintiff's objection regarding admissibility of these statements based on inadequate disclosure in the Final Pretrial Order and the Court affirms that decision here. Defendant claims that the three statements, which it alleges are of a sexual nature, are relevant to the issue of whether Avner's conduct was unwelcome. The Court finds that even if the statements were excluded in error, their exclusion did not result in substantial prejudice. The exclusion of three statements over the term of Plaintiff's lengthy employment, none of which were directed at Avner, did not cause substantial prejudice to Defendant.

Accordingly,

**IT IS ORDERED** that Defendant's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial or Remittitur of Damages (Doc. # 180) is **GRANTED** to the extend that Plaintiff's compensatory damages are reduced to $300,000 and punitive damages are reduced to zero and **DENIED** in all other respects.

DATED this 27th day of March, 2006.

James A. Teilborg
United States District Judge